UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DARNELL ROSS; JEWEL; SHARON
JENNIFER; JAMES; JULIAN; JOSH JAMAR;
SHAOLIA MAYA; JOE HAYES,

                         Plaintiffs,

                  -against-                            22-CV-1193 (LTS)

BRUCE HARRELL, MAYOR; UNION                      ORDER DIRECTING PAYMENT OF FEES
PACIFIC RAIL LINE, OWNER; JAY INSLEE,            OR IFP APPLICATION
GOVERNOR; LINOLA RIDGE
ADMINISTRATOR, SEATTLE WA; JAY Z;
RAPPER; LIL BOOSIE, RAPPER; LIL
WAYNE, RAPPER,

                        Defendants.

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff Darnell Ross brings this action *pro se*. He appears to assert his own claims, and claims on behalf of Jewel, Sharon Jennifer, James, Julian, Josh Jamar, Shaolia Maya, and Joe Hayes.[1] To proceed with a civil action in this Court, a plaintiff must either pay $402.00 in fees – a $350.00 filing fee plus a $52.00 administrative fee – or, to request authorization to proceed *in forma pauperis* (IFP), without prepayment of fees, submit a signed IFP application. *See* 28 U.S.C. §§ 1914, 1915.

      Plaintiff submitted the complaint without the filing fees or an IFP application. Within thirty days of the date of this order, Plaintiff must either pay the $402.00 in fees or submit the

---

[1] Plaintiff Darnell Ross is the only plaintiff who signed the complaint. It appears that Plaintiff Darnell Ross is purportedly asserting claims in this action on behalf of the other named Plaintiffs. But Plaintiff, who does not allege that he is an attorney, cannot assert claims on behalf of the other named Plaintiffs. *See Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998) ("[b]ecause pro se means to appear for one's self, a person may not appear on another person's behalf in the other's cause") The Court will therefore consider Plaintiff Darnell Ross as the sole plaintiff in this action.

attached IFP application. If Plaintiff submits the IFP application, it should be labeled with docket number 22-CV-1193 (LTS). If the Court grants the IFP application, Plaintiff will be permitted to proceed without prepayment of fees. *See* 28 U.S.C. § 1915(a)(1).

No summons shall issue at this time. If Plaintiff complies with this order, the case shall be processed in accordance with the procedures of the Clerk's Office. If Plaintiff fails to comply with this order within the time allowed, the action will be dismissed.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that appellant demonstrates good faith when seeking review of a nonfrivolous issue).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated: February 17, 2022
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge